[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2009
THOMAS K. KAHN
CLERK

No. 08-16503
Non-Argument Calendar

_____

D.C. Docket Nos. 07-00015-CV-5-RS/AK, 06-00041-CR-5-R

MICHAEL DEWAYNE TENSLEY,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 8, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Michael Dewayne Tensley, a counseled federal prisoner, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction claiming that his Sixth Amendment right to effective assistance of counsel was violated because his lawyer did not file a notice of appeal of his life sentence. The district court granted Tensley's motion for a certificate of appealability ("COA") for the following issue: Whether Tensley "made a substantial showing of the denial of a constitutional right, specifically the Sixth Amendment right to effective assistance of counsel."

In a § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Caderno v. United States, 256 F.3d 1213, 1216-17 (11th Cir. 2001). We allot "substantial deference to the factfinder . . . . in reaching credibility determinations with respect to witness testimony." United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotation omitted).

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that Strickland v. Washington, 466 U.S. 668 (1984), applies when determining whether counsel was ineffective for failing to file a notice of appeal. Flores-Ortega, 528 U.S. at 477. "[W]here a defendant has not specifically instructed his attorney to

file an appeal, we must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting Flores-Ortega, 528 U.S. at 478). The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. The Supreme Court defined the term "consult" specifically to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. Such a consultation assures that any waiver of the right to appeal is knowing and voluntary. Thompson, 504 F.3d at 1206.

Upon review of the record and the parties' briefs, we discern no reversible error here. The magistrate judge made a determination based on testimony in the evidentiary hearing that Tensley lacked credibility, and found that Tensley's testimony that he told his lawyer to file an appeal was in direct conflict with his lawyer's testimony that he had advised Tensley of his right to file an appeal, yet Tensley did not wish to. His lawyer produced letters to Tensley supporting his

3

contentions, and testified that he had discussed the right to appeal with Tensley on three separate occasions and each time Tensley showed no interest in appealing his sentence. On this record, we cannot say the district court's finding that Tensley's lawyer indisputably consulted with Tensley was clearly erroneous. Accordingly, we affirm the district court's denial of Tensley's § 2255 motion to vacate.

**AFFIRMED.**